OPINION
{¶ 1} On April 5, 1993, the Stark County Grand Jury returned a secret indictment charging appellant Kenya Collins with two counts of aggravated trafficking in cocaine within 1000 feet of a school. The indictment alleged that appellant sold cocaine on two separate occasions, August 11 and 27, 1992. A warrant for appellant's arrest was also issued with the filing of the indictment.
 {¶ 2} On April 9, 1993, Stark County authorities entered appellant's capias in the L.E.A.D.S. computer, which is standard procedure for individuals who cannot be located. Appellant was known to reside in Detroit, Michigan; however, there was no known address for appellant.
 {¶ 3} On March 7, 1995, members of the local fugitive task force attempted to enlist the cooperation of the F.B.I. to locate appellant, but had to satisfy the F.B.I. that there was probable cause to believe appellant was living outside Ohio's borders. From March to June of 1995, the task force was unsuccessful in obtaining such information.
 {¶ 4} Appellant was arrested in Michigan in 1994, 1997, and 1998. However, Michigan authorities failed to notified Ohio of these arrests. On October 25, 2000, appellant was arrested in Allen County, Ohio, and Stark County authorities had appellant transported to Stark County.
 {¶ 5} Appellant was arrested on the warrant on October 30, 2000. Appellant initially entered a plea of not guilty to the charges. While the case was pending in the Stark County Court of Common Pleas, appellant filed a motion to dismiss, alleging the prosecution was outside the statute of limitations as set forth in R.C. 2901.13. The court overruled the motion to dismiss, finding that the negligence of Michigan authorities cannot be imputed to Ohio, and the Ohio authorities exercised reasonable diligence in attempting to arrest appellant following indictment.
 {¶ 6} According to the judgment entry of the court, appellant then changed his plea to guilty to both charges. Appellant was sentenced to two concurrent indeterminate terms of incarceration of two to fifteen years. Appellant appealed, challenging the trial court's ruling on his motion to dismiss. This court affirmed the trial court on the basis that a guilty plea constitutes a waiver of the issue of statute of limitations. State v. Collins (July 2, 2001), Stark Appellate No. 2001-CA-00066.
 {¶ 7} Appellant subsequently applied to this court to re-open his appeal pursuant to App.R. 26 (B), on the basis that counsel was ineffective for failing to include the transcript of the plea hearing as part of the record on appeal, which would have shown that appellant had entered a plea of no-contest, rather than guilty, thereby preserving his right to appeal the ruling on the motion to dismiss. This court granted the application, and allowed appellant to supplement the record with a copy of the transcript of the plea hearing. The trial court filed a nunc pro tunc judgment of conviction and sentence, indicating that appellant had entered a plea of no contest. Appellant now renews his statute of limitations argument:
 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THE MATTER AGAINST DEFENDANT WAS NOT BARRED BY THE STATUTE OF LIMITATIONS."
 {¶ 9} Appellant argues that the fact that he was arrested three times in the state of Michigan during the six-year statute of limitations, and the state of Ohio did not institute prosecution at those times, constitutes failure to exercise reasonable diligence in executing process on the secret indictment.
 {¶ 10} Appellant correctly notes that the statute of limitations for felonies as charged against appellant is six years. R.C.2901.13(A)(1)(a). However, R.C. 2901.13(E) provides:
 {¶ 11} "(E) A prosecution is commenced on the date an indictment is returned or any information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same."
 {¶ 12} Pursuant to Crim.R. 4(D)(3), warrants are executed by the arrest of the defendant. Therefore, the question raised by appellant's motion is whether the state of Ohio exercised reasonable diligence in arresting appellant, and whether the failure of Michigan law enforcement authorities to exercise reasonable diligence to notify Ohio of appellant's whereabouts is attributed to Ohio law enforcement authorities.
 {¶ 13} Ohio exercised reasonable diligence in attempting to locate appellant and secure his arrest. Ohio authorities knew that appellant resided in Detroit, Michigan, although they did not have an address. They therefore attempted to obtain the assistance of Michigan law enforcement, as well as the F.B.I. Four days after the indictment was returned, Stark County authorities entered appellant in the L.E.A.D.S. computer, a standard procedure for individuals who cannot be located. In 1995, when appellant still had not been located, the fugitive task force attempted to enlist the cooperation of the F.B.I. to locate appellant. Despite attempts to obtain information to enlist the aid of the F.B.I., local authorities were unable to obtain information to satisfy the F.B.I. that there was probable cause to believe appellant was living outside of Ohio. When appellant was finally arrested in Ohio on October 25, 2000, Stark County authorities took action immediately, having him transported to Stark County, and arresting him on the warrant on October 30, 2000. The court did not err in concluding that Ohio authorities exercised reasonable diligence to locate appellant. See Statev. Waldick (September 18, 1995), Stark Appellate No. 1994CA00369, (authorities exercised reasonable diligence where they entered the defendant's identity into the National Criminal Information Center, and contacted the Chicago police and Lake County, Illinois Sheriff's office in an attempt to locate and arrest the defendant).
 {¶ 14} The trial court found that while there was no explanation as to why Michigan authorities failed to notify Ohio of appellant's three arrests, their failure to exercise reasonable diligence could not be imputed to Ohio authorities. We agree. R.C. 2901.13 (E) is directed at Ohio's law enforcement officials, and is not applicable in any other state. Therefore, law enforcement personnel from other states are under no legal obligation to exercise reasonable diligence to secure the arrest of an Ohio felon.
 {¶ 15} Finally, appellant has failed to demonstrate prejudice to his case from the delay in serving the warrant. While he argues in his brief that the lack of due diligence in commencing the prosecution prejudiced his defense in that witnesses may be lost, alibi defenses may be impaired, exculpatory evidence may be eroded, and his due process rights may be violated by stale and untrustworthy evidence, he has made no claim of prejudice that is specific to his case.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} The judgment of the Stark County Court of Common Pleas is affirmed.
By Gwin, P.J., and Wise, J., concur; Edwards, J., dissents.
topic: statute of limitations